RED MANN, Judge
(concurring).
Plaintiff fairly proved by two account-ings that as of contract termination defendant owed it a total of $2,286.09, including $120.05 for defendant’s agents’ debts which defendant’s contract obliged him to pay and $119 for “inspection and medical fees” on unissued policies for which the proof of defendant’s alleged obligation is arguably less than sufficient.
During 1969, the year following termination, commissions of $533.14 were credited, other agent debts of $26.70 ($21.86 + $4.-84) were debited, and interest (at 0.5% monthly from termination, always less than commissions credited) of $109.52 was debited. The two accounts as of December 31, 1969 were $1,160.31 and $728.86, a total of $1,889.17.
Plaintiff’s witness’s testimony that 1970 commissions (to which defendant’s entitlement was conceded) brought the total balance to $1,160.31 was perhaps a compromise on his part. Plaintiff’s machine accounting records show that through August 1970 defendant was not credited with any 1970 commissions, presumably by error (or perhaps because the accountants did not consider 11 months equal to a year of service for commission entitlement purposes).
Renewal commissions in 1970 would have been less than 1969’s total (renewal- and first year) commissions of $533.14. Crediting that excessive amount would reduce the debt to $1,356.03. (No interest for 1970 was involved since suit was filed in January 1970.) Even supposing the proof of the $119 “inspection and medical fee” liability was unsatisfactory, and eliminating that item (plus, say $7.20 interest on it), plaintiff is entitled to more than the $1,160.31 to which it reduced its claim.